**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.H.-1**

**No. 22-0502** (Wood County 22-JA-25)

## MEMORANDUM DECISION

Petitioner Mother K.H.-2[1] appeals the Circuit Court of Wood County's May 20, 2022, order terminating her parental rights to K.H.-1.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings below commenced in February of 2022, when the DHHR removed the child from the father's home after the father's arrest for domestic violence. At that time, Child Protective Services ("CPS") observed the child's "upper teeth [were] . . . blackened from what appeared to be lack of dental care." Additionally, the investigation revealed that the father abused methamphetamine in the home. As to petitioner, the DHHR alleged that she contacted the father in January of 2022 and directed him to "come get this [expletive] kid," referring to K.H.-1. CPS then discovered that petitioner resided with her mother, whose parental rights to other children had previously been terminated.

Petitioner initially failed to appear for her preliminary hearing because she claimed she "could not make it to court for weather related matters." As such, the preliminary hearing was continued to a later date. However, petitioner failed to appear for the rescheduled preliminary hearing. Petitioner was represented by counsel at both hearings.

Petitioner appeared for the April 2022 adjudicatory hearing remotely because she claimed that her car was being repaired. Petitioner requested a continuance, which the court denied. The court ultimately adjudicated petitioner of neglecting the child.

---

[1]Petitioner appears by counsel Eric K. Powell. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Keith White appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the child and petitioner share the same initials, we will refer to them as K.H.-1 and K.H.-2, respectively.

The court then held a dispositional hearing in May of 2022. Petitioner did not appear, but was represented by counsel, who indicated that he did not "believe she was going to appear here today." Counsel admitted that petitioner was aware of the hearing. Counsel explained that "things have come up since this case and [petitioner] is overwhelmed and she is not going to be here today." Counsel then moved to continue the dispositional hearing to allow petitioner the opportunity to appear. The court noted that this was "the third time that [petitioner] . . . failed t[o] appear for court in person," and proceeded to disposition. Ultimately, the court terminated petitioner's parental rights to the child.[3] It is from the dispositional order that petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that it was error to deny her a continuance in order to secure her attendance at the dispositional hearing. However, we have explained that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion." *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 235, 470 S.E.2d 177, 189 (1996) (citation omitted). Further, "[w]hen a circuit court rejects a civil litigant's request for a continuance because the party is unable to attend, the court must articulate reasons for taking that action, and those reasons must be plausible." *Id.* As we explained, there are "four salient factors that appellate courts consider when reviewing denials of requests for a continuance." *Id.* These include "diligence in [the moving party's] efforts to be present and to ready [their] defense prior to the date set for the hearing"; "how likely it is that the need for a continuance could have been met if the continuance had been granted"; "the extent to which granting the continuance would have inconvenienced or been contrary to the interests of the circuit court, the witnesses, and the other litigants, including the public interest in the prompt disposition of these types of proceedings"; and, finally, "the extent to which [the moving party] might have suffered harm as a result of the circuit court's denial." *Id.*

Upon our review of these factors, we find that petitioner cannot demonstrate that the circuit court abused its discretion. Simply put, the record demonstrates that petitioner failed to appear in person for a single hearing and that she willfully chose not to attend the dispositional hearing because she was "overwhelmed." As such, it is clear that petitioner displayed no diligence to be present and to ready her defense. This is further evidenced by the fact that counsel admitted that there was no evidence to present in support of petitioner's pending motion for an improvement period. Additionally, the record shows that it was unlikely that the need for a continuance could have been met if granted. The best that petitioner's counsel could offer was that petitioner "may get over it" and eventually appear for hearings. This is insufficient to justify a continuance.

---

[3]Petitioner does not challenge the termination of her parental rights on appeal.

[4]The father's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

2

Next, the record shows that granting a continuance would have been an inconvenience to all involved, especially the child, as petitioner had yet to participate in person and provided no indication that she would attend in person if granted a continuance. On appeal, petitioner attacks this factor most vigorously, arguing that the overall proceedings were pending only for a short time and that permanency for the child would not have been delayed because the father was granted an improvement period. We do not find these arguments compelling, however, given the egregiousness of petitioner's absence. Despite recognizing that this hearing could result in the termination of her parental rights to the child, petitioner simply chose not to attend for vague and ill-defined reasons. Finally, we are similarly unpersuaded by petitioner's argument that she suffered harm as a result of the denial of her motion to continue. While it cannot be ignored that petitioner's rights were terminated following this hearing, it is clear from the record that petitioner had made no real effort to participate in the proceedings. While petitioner notes that the DHHR was not opposed to an improvement period for her and the circuit court found that she "really had a chance to be granted an improvement period," it was her continued willful refusal to participate that resulted in her harm, not the denial of the motion to continue. As such, she is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 20, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn